UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\*   \*   \*   \*   \*   \*   \*

JAMES P. CIESLUK,
                 PLAINTIFF,     \*

         V.                 \*   CIVIL ACTION NO. **04-12689 RWZ**

THE TOWN OF BELLINGHAM,
BRIAN D. KITCHER, PETER      \*
LEMON, EDWARD GUZOWSKI
JOHN MELANSON, GERARD L.    \*
DAIGLE and RICHARD PERRY,
           DEFENDANTS.   \*

\*   \*   \*   \*   \*   \*   \*

RECEIPT #_____
AMOUNT $_____150.00_____
SUMMONS ISSUED____7____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____12/23/04_____

MAGISTRATE JUDGE_____

### C O M P L A I N T

#### Introductory Statement

This is a Complaint brought pursuant to M.G.L. Chapter12, Section 11I and 42 U.S.C. 1983 for deprivation of the Plaintiff's civil rights and for damages resulting from the same due to an unlawful arrest, search and seizure of the Plaintiff and his property perpetrated by the Defendants on or about January 17, 2002 and continuing through at least June of 2004.

#### Parties

1. James P. Ciesluk is a natural person and a citizen of the United States and the Commonwealth of Massachusetts. At all times relevant hereto he was a resident of the Town of Bellingham, Massachusetts and the County of Norfolk.

2.  The Defendant, Town of Bellingham, is a municipality located in the County of Norfolk in the Commonwealth of Massachusetts.

3.  Defendant, Brian D. Kutcher, was at all times relevant hereto, a police officer employed by the Town of Bellingham and was operating under color of state law.

4.  The Defendant, Peter Lemon, was at all times relevant hereto, a police officer employed by the Town of Bellingham with the rank of Sergeant ard was operating under color of state law.

5.  The Defendant, Edward W. Guzowski, was at all times relevant hereto, a police officer employed by the Town of Bellingham with the rank of Sergeant and was operating under color of state law.

6.  The Defendant John J. Melanson, was at all times relevant hereto, a police officer employed by the Town of Bellingham and was operating under color of state law.

7.  The Defendant, Gerard L. Daigle, was at all times relevant hereto, the Chief of Police for the Town of Bellingham, and was operating under color of state law.

8.  The Defendant Richard Perry, was at all times relevant hereto, a police officer employed by the Town of Bellingham and was operating under color of state law.

## Factual Allegations Common To All Counts

9. On January 17, 2002 the Plaintiff was the sole proprietor of "The Game Vault," a video arcade located in the Bellingham Mall in the Town of Bellingham, Massachusetts.

10. On that date Defendants, their agents, servants and persons for whom they are responsible, arrested the Plaintiff at his place of business, "The Game Vault," without probable cause.

11. Also on that date, Defendants, their agents, servants and persons for whom they are responsible, conducted a warrantless search of the Defendant's business premises and seized several materials without probable cause.

12. The Defendants, their agents, servants and persons for whom they are responsible, detained the Plaintiff from January 18, 2002 until his release on bail on April 30, 2002 in the Worcester County House of Correction and thereafter further curtailed his freedom by maintaining false charges against him until June, 2004.

13. On January 17, 2002, the Defendants were aware, or should have been aware, that there existed no probable cause to arrest, charge or detain the Plaintiff.

14. As a result of the actions of the Defendants, the Plaintiff suffered loss of business and suffered other damages.

## COUNT I (SECURE IN PERSON – CIVIL RIGHTS)

15. The Plaintiff realleges and reaffirms the allegations contained in Paragraphs One through Fourteen above as if specifically set forth herein by reference.

16. The Defendants and other persons for whose conduct they are responsible, by arresting the Plaintiff, violated his right to be free from false arrest as guaranteed by the Fourth Amendment to the United States Constitution and Article Fourteen of the Massachusetts Declaration of Rights. This violation is actionable under M.G.L.c.12, section 11I and 42 U.S.C. 1983, et seq.

17. Said actions were done through use of threats, intimidation and coercion; all in violation of M.G.L. c.12, section 11I, as they were undertaken for the purpose of deterring the Plaintiff from enjoying his right to freedom from unlawful arrest.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, costs and attorneys fees.

## COUNT TWO (FALSE IMPRISONMENT)

18. The Plaintiff repeats and reasserts the allegations contained in Paragraphs 1-17 above and incorporates them by reference as if fully set forth herein.

19. On or about January 17, 2002, the Defendants, their agents, servants, employees or other persons for whom they are responsible,

intentionally confined the Plaintiff against his will when they caused him to be held in the Worcester County House of Correction until February 28, 2002, without probable cause.

20. The intentional confinement of the Plaintiff was done wrongfully, unlawfully and deprived him of his liberty and property without due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article Fourteen of the Massachusetts Declaration of Rights, all in violation of 42 U.S.C. 1983, et seq.

21. As a direct and proximate result of the acts of the Defendants, Plaintiff was deprived of his liberty, subjected to derision by those knowing or learning of his detention and was damaged in his business.

22. The actions of the Defendants and those, for whose conduct they are responsible, were performed with threats, intimidation and coercion and, therefore, a violation M.G.L.c.12, section 11H and I.

## COUNT THREE (UNLAWFUL SEARCH AND SEIZURE)

23. Plaintiff repeats and reasserts the allegations contained in Paragraphs 1 through 22 above as if specifically set forth herein.

24. On or about January 17, 2002, the Defendants and others for whom they are responsible, searched the Plaintiff's business premises and seized computers and other items from the Plaintiff's private office.

25. The search of the Defendant's premises was conducted without a search warrant and without probable cause, in violation of the

Fourth Amendment to the United States Constitution and Article Fourteen of the Massachusetts Declaration of Rights, all in violation of 42 U.S.C. 1983, et. seq.

26. The actions of the Defendants and those for whose conduct they are responsible, in conducting a warrantless search and seizure of the Plaintiff's business offices, were done with threats, intimidation and coercion and are, therefore, actionable under M.G.L.c. 12, section 11H-1.

WHEREFORE, the Plaintiff demands Judgment enter in his favor plus attorneys fees and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JAMES P. CIESLUK

By His Attorney,

FRANCES L. ROBINSON
BBO#: 422910
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Fl.
Boston, Massachusetts  02109

☜JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

James P. Ciesluk

**(b)** County of Residence of First Listed Plaintiff __NORFOLK__
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS :** Town of Bellingham, Brian D. Kitcher, Peter Lemon, Edward Guzowski, John Melanson, Gerard L. Daigle & Richard Perry

County of Residence of First Listed __NORFOLK__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
FRANCES L. ROBINSON
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Fl.
Boston, MA 02109- (617) 723-7339

Attorneys (If Known)

04 - 12009 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - - | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

NONE

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  JAMES P. CIESLUK v. TOWN OF BELLINGHAM, BRIAN D.
KITCHER,PETER LEMON,EDWARD GUZOWSKI, JOHN MELANSON, GERARD L. DAIGLE
and RICHARD PERRY

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

04 - 12689 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____ N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                                        YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐    NO ☒☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☒    NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☒☒      Central Division ☐      Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐       Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Frances L. Robinson - Davis, Robinson & White, LLP

ADDRESS  One Faneuil Hall Marketplace, 3rd Floor, Boston, MA  02109

TELEPHONE NO.  (617) 723-7339

(Coversheetlocal.wpd - 10/17/02)