UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12689-RWZ

JAMES P. CIESLUK,

        Plaintiff

v.

THE TOWN OF BELLINGHAM, BRIAN D. KITCHER, PETER LEMON, EDWARD GUZOWSKI, JOHN MELANSON, GERARD L. DAIGLE and RICHARD PERRY,

        Defendants

ANSWER OF DEFENDANTS

INTRODUCTORY STATEMENT

To the extent the allegations set forth in the "Introductory Statement" require a response, the same are denied.

PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Admitted.

3. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 3 are admitted.

4. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the

extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 4 are admitted.

5. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 5 are admitted.

6. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 6 are admitted.

7. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 7 are admitted.

8. The allegations concerning the defendant's "operating under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegation is admitted. The remaining allegations set forth in Paragraph 8 are admitted.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. The defendants admit only that plaintiff was arrested on January 17, 2002 by Bellingham police officers. The defendants deny that the search was unsupported by probable cause.

11. The defendants admit only that plaintiff's business premises were searched by officers without a warrant. The defendants deny that the search was unsupported by probable cause.

12. Denied.

13. Denied.

14. Denied.

## COUNT ONE
(Secure In Person - Civil Rights)

15. The defendants restate and incorporate by reference their responses to Paragraph 1-14.

16. Denied.

17. Denied.

## COUNT TWO
(False Imprisonment)

18. The defendants restate and incorporate by reference their responses to Paragraphs 1-17.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT THREE
(Unlawful Search and Seizure)

3

23. The defendants restate and incorporate by reference their responses to Paragraphs 1-22.

24. The defendants admit that on January 17, 2002, Bellingham police officers searched plaintiff's business premises and seized certain items therefrom.

25. The defendants admit only that the search of plaintiff's premises was warrantless. The remaining allegations set forth in Paragraph 25 are denied.

26. Denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants conduct deprived him of a federal constitutional right.

### SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants owed him a constitutional duty or that the defendants breached that constitutional duty.

### THIRD DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

### FOURTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which the defendants were aware, and they enjoy a qualified immunity from all liability arising therefrom.

### FIFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

### SIXTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### EIGHTH DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### NINTH DEFENSE

The defendants deny all of plaintiffs' allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

### TENTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

### ELEVENTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred as alleged, were caused by reason of the plaintiffs' own wrongful acts, reckless misconduct and negligence.

### TWELFTH DEFENSE

The Complaint should be dismissed for insufficient and/or improper service of process.

### THIRTEENTH DEFENSE

The plaintiff lacks standing to assert the claims contained in the Complaint because he has failed to allege that he has suffered any damages for which he is entitled to relief.

### FOURTEENTH DEFENSE

The defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### FIFTEENTH DEFENSE

The defendants state that plaintiff's arrest and the seizure of his property were supported by the requisite reasonable suspicion or probable cause.

### SIXTEENTH DEFENSE

The defendants deny any improper, ulterior motive for plaintiff's arrest.

### SEVENTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendants are entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

### JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241754/METG/0605