UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \*

| | |
|---|---|
| JAMES P. CIESLUK,  PLAINTIFF, * | |
| * | |
| V. | CIVIL ACTION |
| * | NO. 04-12689RWZ |
| THE TOWN OF BELLINGHAM, BRIAN D. KITCHER, PETER LEMON, EDWARD GUZOWSKI JOHN MELANSON, GERARD L. DAIGLE and RICHARD PERRY, DEFENDANTS. * | |

\* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO COMPEL
THE PRODUCTION OF DOCUMENTS**

**INTRODUCTION**

This is an action for redress of Civil Rights violations brought by a Plaintiff who was arrested and had his office premises searched by Bellingham Police Defendants acting without a warrant. The Plaintiff was accused of violating laws relative to child pornography and was later exonerated when those charges were dismissed. The charges were the result of a Complaint made by the Defendant's ex-wife, who claimed that she had found floppy discs containing child pornography on them in a closet used by the Plaintiff. (Bellingham Police Report – Exhibit 1).

The warrantless search was conducted by the Defendants on January 17, 2002. The Defendant's computer was seized and, along with the discs,

2

turned over by his ex-wife and sent to the Massachusetts State Police Forensic Unit. (Exhibit 6 - Deposition of Lieutenant Kalmbach, pp. 20-21).

Pursuant to Rule 37.1(B)(2) of the Local Rules of the District Court, the Plaintiff now moves this Court to order the Defendant and the Massachusetts State Police to produce all reports relative to the analysis conducted by State Police.

### **RULE 37.1(B)(2)**

On August 25, 2005, Lieutenant Kalmbach was deposed by Plaintiff. Kalmbach had conducted an analysis of the computer seized from Plaintiff's Office on January 17, 2002. (Exhibits 1,6). In his deposition testimony, Kalmbach stated several times that his entire report is not represented by those annexed hereto as Exhibits 2, 3 and 4. (Exhibit 6, pp. 61, 66 & 77).[1] At that time, the parties conducted a discovery dispute conference. Present were counsel for the witness Kalmbach, counsel for Plaintiff and counsel for the Defendant. Those present stipulated that additional materials necessary for a thorough examination of the witness were not turned over to Plaintiff's counsel and were in the possession of the Bellingham Police Department and/or the State Police. (Exhibit 6, p. 78). The deposition was suspended.

---

[1] Plaintiff's counsel had requested the reports in a Request for Production of Documents several months prior to the deposition. Because she believed she had all of the reports from the Plaintiff's criminal attorney, she proceeded with the deposition in lieu of a protracted discovery dispute.

3

The Defendants contended that they were not obligated to produce the items, due to the restriction placed on the reports indicating that, "No part of this report may be distributed outside the agency to which it was provided." (See Exhibits 2,3,4).

Plaintiff contends that *all* reports relative to the analysis, testing and examination of evidence in the cases brought against him which are the subject of this lawsuit, should have been produced by the Defendants *automatically* under Rule 26(1)(A)(B) and 26(2)(Expert Disclosures).[2]

In addition, Plaintiff asserts that these items in the possession of the Defendants were clearly requested in his Request for Production of Documents served on the Defendants several months ago. (Exhibit 5, Request Numbers 1, 14).

WHEREFORE, the Plaintiff moves this Court for an Order compelling the Massachusetts State Police and the Defendant, Town of Bellingham and Officers to produce and copy for Plaintiffs' counsel all reports related to the investigation into the charges against James Ciesluk.[3]

---

[2] Lt. Kalmbach has been designated as an expert by the Defendants.
[3] To the extent that Defendants and/or the witness assert that laws relating to dissemination of child pornography are implicated, Plaintiff's counsel has drafted a protective order and annexed the same hereto.

4

## REQUEST FOR HEARING

Pursuant to Rule 7.1(D), the Plaintiff submits that a hearing on this matter will aid the Court and requests that the Court schedule the same.

Respectfully submitted

JAMES P. CIESLUK

By His Attorney,

*Frances L. Robinson*

FRANCES L. ROBINSON
BBO#: 422910
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA 02109
(617) 723-7339

## CERTIFICATE OF SERVICE

I, Frances L. Robinson, attorney for the Plaintiff, James P. Ciesluk in the above-entitled matter, hereby certify that I have this 26th day of January, 2006, served a true copy of the within document upon the Defendants, by mailing a copy thereof, postage prepaid, to Attorney Jackie Cowin; Kopelman and Paige, P.C.; 31 St. James Avenue; Boston, MA 02116-4102 and to the attorney for witness, Massachusetts State Police Lieutenant Michael Kalmbach - John Vigliotti, Esquire, Reardon, Joyce & Akerson, 397 Grove Street, Worcester, MA 01605 .

*Frances L. Robinson*
--------------------------------
FRANCES L. ROBINSON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NOTICE REGARDING
NEW LOCAL RULE 5.4 and MANDATORY ELECTRONIC FILING
EFFECTIVE JANUARY 1, 2006

<u>Local Rule 5.4</u> - This new Local Rule was adopted on October 3, 2005 to reflect the Court's determination that unless exempt or otherwise ordered by the Court, all pleadings or other papers submitted to the Court must be filed, signed, verified and served by electronic means.  New Local rule 5.4 is effective on **January 1, 2006.**

Unless otherwise ordered by the Court, all attorneys must now file documents electronically.  The only exceptions at this time are case opening documents and those listed below:

(a) sealed documents;
(b) ex parte motions;
(c) documents generated as part of an alternative dispute resolution (ADR) process;
(d) the administrative record in social security and other administrative proceedings;
(e) the state court record in proceedings under 28 U.S.C. § 2254; and
(f) such other types of documents as the clerk may direct in the ECF Administrative Procedures.

Prior Standing Orders are moot and courtesy copies should not be submitted unless specifically requested by a judicial officer.

The Court will make a public scanner and computer available for use in the Clerk's Offices in Boston and Worcester for those who do not have the necessary equipment or access to the Internet to file documents from their offices.  Each attorney must obtain an ECF log-in and password by registering for electronic filing through the Court's web site.  This notice will be sent to those attorneys still receiving notice in paper form and will be noted on the docket.  Failure to register for ECF after receipt of this notice may result in sanctions.

                                                   /s/   Sarah A. Thornton
                                                   Sarah A. Thornton
                                                   Clerk of Court

Date:  December 23, 2005

# RULE 5.4 FILING AND SERVICE BY ELECTRONIC MEANS

**(A)** **Electronic Filing Generally.** Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

**(B)** **ECF Administrative Procedures.** Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing. All electronic filings must be made in accordance with the ECF Administrative Procedures. The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

**(C)** **Service of Pleadings.** Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user. Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b).

**(D)** **Deadlines.** Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

**(E)** **Civil Case Opening Documents.** Civil case opening documents, such as a complaint (or petition or notice of removal), summons, civil action cover sheet, or category sheet, must be filed and served in paper format, not electronically. Emergency motions and supporting materials presented contemporaneously with civil case opening documents may be filed and served initially in paper format and not electronically. Unless exempt or otherwise ordered by the court, at the time a civil case is opened, the filing party must also file a disk with the clerk's office containing in PDF format the opening documents and any emergency motions and supporting papers not filed electronically.

**(F)** **State Court Record in Removal Proceedings.** Within thirty days after filing a notice of removal in a civil action, a party removing an action under 28 U.S.C. §§ 1441-52 must file certified or attested copies of all docket entries, records, and proceedings in the state court in paper format. Unless exempt or otherwise ordered by the court, the removing party must also file a disk with the clerk's office containing the state court record in PDF format.

**(G)** **Exemptions.**

(1) *Documents That Should Not Be Filed Electronically*. The following types of documents must not be filed electronically, and will not be scanned into the ECF system by the clerk's office:

    (a)    sealed documents;
    (b)    ex parte motions;
    (c)    documents generated as part of an alternative dispute resolution (ADR) process;
    (d)    the administrative record in social security and other administrative proceedings;
    (e)    the state court record in proceedings under 28 U.S.C. § 2254; and

(f)	such other types of documents as the clerk may direct in the ECF Administrative Procedures.

(2)	*Documents That Need Not Be Filed Electronically.*  The following types of documents need not be filed electronically, but may be scanned into the ECF system by a filing party or the clerk's office:

(a)	handwritten pleadings;
(b)	documents filed by pro se litigants who are incarcerated or who are not registered ECF users;

(c)	indictments, informations, criminal complaints, and the criminal JS45 form;
(d)	affidavits for search or arrest warrants and related documents;
(e)	documents received from another court under Fed. R. Crim. P. 20 or 40;
(f)	appearance bonds;
(g)	any document in a criminal case containing the original signature of a defendant, such as a waiver of indictment or a plea agreement;
(h)	petitions for violations of supervised release;
(i)	executed service of process documents under Rule 4; and
(j)	such other types of documents as the clerk may direct in the ECF Administrative Procedures.